UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK FRAZIER

            Plaintiff,

v.

LIVINGSTON COUNTY, MICHIGAN,
LIVINGSTON COUNTY SHERIFF'S OFFICE,
and LIVINGTSTON COUNTY SHERIFF'S
DEPUTY BRYAN UZONI, individually and
in his official capacity,

            Defendants.

Case No. 2:26-cv-10897
Hon.

---

Mark E. Sisson (P75250)
Trevor J. Zamborsky (P77244)
The Mark Sisson Law Firm, PLLC
Attorneys for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
Telephone: (248) 829-3088
msisson@marksissonlaw.com
tzamborsky@marksissonlaw.com

---

## **PLAINTIFF MARK FRAZIER'S COMPLAINT AND DEMAND FOR JURY TRIAL**

For his Complaint against Defendants Livingston County, Michigan; Livingston County Sheriff's Office; and Livingston County Sheriff's Deputy Bryan Uzoni, Plaintiff Mark Frazier, states as follows:

### **STATEMENT REAGRDING RELATED PROCEEDINGS**

1

Plaintiff states that criminal charges arising from the incident described in this Complaint have been initiated against Plaintiff in the State of Michigan. Plaintiff alleges that such charges were brought without probable cause and as part of an effort to justify and conceal the excessive force used by Defendant Livingston County Sheriff's Deputy Bryan Uzoni.

Other than the criminal proceedings referenced above, Plaintiff is not aware of any prior or pending civil actions arising out of the events described in this Complaint.

## INTRODUCTION

1.    This civil rights actions arises under 42 U.S.C. § 1983 and the Americans with Disabilities Act.

2.    Plaintiff Mark Frazier (Plaintiff) was subjected to excessive force during a routine traffic stop for allegedly driving on a suspended license.

3.    Plaintiff suffers from a medical condition that causes him to "freeze" when emotionally overwhelmed or agitated.

4.    During the stop, Plaintiff became emotionally distressed and repeatedly asked officers to call his mom.

5.    Plaintiff was unable to exit his vehicle due to his medical condition and emotional distress.

6. Defendant Livingston County Sheriff's Deputy Bryan Uzoni (Deputy Uzoni) forcibly removed Plaintiff from the vehicle and forced him to the ground.

7. While Plaintiff was on the ground and repeatedly stating that he was not resisting, Deputy Uzoni repeatedly struck Plaintiff's leg with his knee.

8. During the encounter, Plaintiff screamed, "You broke my knee."

9. Despite this warning, Deputy Uzoni continued knee strikes approximately six more times.

10. Plaintiff sustained a severe knee injury.

11. The entire incident was captured on video.

12. After the incident, Defendants caused criminal charges to be brought against Plaintiff in an attempt to justify and cover up the excessive force used against him.

## JURISDICTION AND VENUE

13. This action arises under the Constitution and laws of the United States.

14. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

15. This Court has supplemental jurisdiction over related state law claims under 28 § 1367.

16. Venue is proper under 28 U.S.C. §1391 because the events occurred within this District.

## PARTIES

3

17.	Plaintiff Mark Frazier is a resident of the State of Michigan.

18.	Defendant Livingston County, Michigan is a municipal entity responsible for the policies and practices of the Livingston County Sheriff's Office.

19.	Defendant Livingston County Sheriff's Office is responsible for law enforcement operations in Livingston County.

20.	Defendant Livingston County Sheriff's Deputy Bryan Uzoni was a deputy sheriff acting under color of state law.

21.	At all relevant times, Defendants were acting within the scope of their employment.

## FACTUAL ALLEGATIONS

22.	On or about March 17, 2024, Plaintiff was operating a motor vehicle in Livingston County, Michigan.

23.	Plaintiff was stopped by Livingston County Sheriff's Deputy Lonnie Chapman (Deputy Chapman) for suspicion of driving on a suspended license.

24.	During the stop, Deputy Chapman allegedly confirmed that Plaintiff's license was suspended.

25.	Deputy Chapman informed Plaintiff that he would receive a citation and that his vehicle would be impounded.

26.	Upon learning this information, Plaintiff became visibly upset and emotionally overwhelmed.

4

27. Plaintiff has a medical condition that causes him to become physically "frozen" when experiencing significant emotional distress or agitation.

28. Plaintiff repeatedly asked the officers to call his mother.

29. Plaintiff repeatedly stated "call my mom" while visibly distressed.

30. Plaintiff did not threaten the officers.

31. Plaintiff did not attempt to flee.

32. Plaintiff did not strike the officers.

33. Deputy Champman repeatedly ordered Plaintiff to exit the vehicle.

34. Due to his medical condition and emotional distress, Plaintiff was unable to comply.

35. Deputy Uzoni, from the passenger side of the vehicle, took Plaintiff's keys out of the ignition.

36. Deputy Uzoni then entered the vehicle from the passenger side and pushed Plaintiff out of the vehicle.

37. Deputy Uzoni forced Plaintiff to the ground.

38. Deputy Chapman secured Plaintiff's left arm behind his back.

39. Plaintiff's right arm was underneath his body but was being controlled by Deputy Chapman.

40. Plaintiff repeatedly stated that he was not resisting.

41. While Plaintiff was on the ground, Deputy Uzoni began striking Plaintiff's leg with his knee.

42. Plaintiff screamed, "You broke my knee."

43. Despite Plaintiff's statement, Deputy Uzoni continued striking Plaintiff's leg with knee strikes.

44. Deputy Uzoni delivered approximately six additional knee strikes after Plaintiff stated his knee had been broken.

45. Plaintiff suffered a severe knee injury as a result.

46. The entire encounter was captured on video.

47. The video shows Plaintiff repeatedly stating that he was not resisting.

48. The video shows Plaintiff in obvious emotional distress.

49. The video shows the continued knee strikes after Plaintiff stated his knee was broken.

50. The force used against Plaintiff was objectively unreasonable under the circumstances.

51. Plaintiff posed no immediate threat to the officers.

52. Plaintiff was suspected only of a non-violent misdemeanor offense.

53. Deputy Uzoni's actions were unreasonable, excessive, and in violation of Plaintiff's constitutional rights.

**CLAIM FOR RELIEF**

## Count I—Excessive Force
### (42 U.S.C. § 1983, Fourth Amendment)

54.     Plaintiff incorporates Paragraphs 1 through 53 as if fully stated here.

55.     The Fourth Amendment protects individuals from the use of excessive force by law enforcement officers.

56.     At all relevant times, Deputy Uzoni was acting under color of state law.

57.     Deputy Uzoni used force against Plaintiff that was objectively unreasonable under the circumstances.

58.     Plaintiff posed no immediate threat to the safety of the officers or others.

59.     Plaintiff was not actively resisting arrest.

60.     The repeated knee strikes delivered after Plaintiff stated his knee was broken were unnecessary and excessive.

61.     As a direct and proximate result of Deputy Uzoni's actions, Plaintiff suffered serious physical injury, pain, suffering, and other damages.

62.     Deputy Uzoni's conduct violated clearly established constitutional rights of which a reasonable officer would have known.

## Count II—Deprivation of Liberty and Due Process
### (42 § 1983 U.S.C, Fourteenth Amendment)

63.     Plaintiff incorporates Paragraphs 1 through 62 as if fully stated here.

7

64. Deputy Uzon's conduct was so egregious and abusive that it shocks the conscience.

65. Deputy Uzon's actions deprived Plaintiff of liberty and bodily integrity without due process of law.

66. As a result, Plaintiff suffered significant injuries and damages.

### Count III—Municipal Liability (*Monell*)
### (42 § 1983 U.S.C.—Against Livingston County)

67. Plaintiff incorporates Paragraphs 1 through 66 as if fully stated here.

68. Livingston County is liable under the doctrine established in *Monell v. Department of Social Services*

69. At all relevant times, Livingston County, through the Livingston County Sheriff's Office, maintained policies, practices, customs or usages that directly caused the constitutional violations described in this Complaint.

70. Livingston County failed to adequately train deputies regarding (1) the constitutional limits on use of force, (2) proper de-escalation techniques during encounters with emotionally distressed individuals, (3) appropriate responses to individuals experiencing medical or psychological impairment, and (4) alternatives to force when dealing with non-violent suspects.

71. The need for such training was obvious and necessary to prevent violations of constitutional rights.

72. The failure to provide adequate training demonstrates deliberate indifference to the rights of citizens.

73. Livingston County failed to properly supervise deputies regarding their use of force during traffic stops and arrests.

74. This failure allowed deputies to engage in unconstitutional conduct without meaningful oversight or accountability.

75. Upon information and belief, Livingston County has a custom of failing to meaningfully investigate or discipline deputies involved in excessive force incidents.

76. Such failures create a culture in which deputies reasonably believe that unconstitutional conduct will not result in consequences.

77. After the incident involving Plaintiff, supervisory personnel and policy makers ratified the actions of Deputy Uzoni by (1) failing to discipline Deputy Uzoni, (2) approving or justifying the use of force, and (3) initiating or supporting criminal charges against Plaintiff despite video evidence demonstrating the excessive force.

78. Such ratification constitutes official approval of unconstitutional conduct.

79. These policies and failures demonstrate deliberate indifference to the constitutional rights of Livingston County citizens.

80.     The unconstitutional conduct described herein was the direct result of these policies, practices, and failures.

81.     As a result, Plaintiff suffered the injuries described above.

### Count IV—Malicious Prosecution
### (42 U.S.C § 1983—Fourth Amendment)

82.     Plaintiff incorporates Paragraphs 1 through 80 as if fully stated here.

83.     Defendants Livingston County, Michigan, Livingston County Sheriff's Office, and Livingston County Sheriff's Deputy Bryan Uzoni caused criminal charges to be filed against Plaintiff without probable cause and for the purpose of covering up the excessive force used during the arrest.

84.     The prosecution deprived Plaintiff of liberty and caused him damages.

85.     Such conduct violates the Fourth Amendment and constitutes malicious prosecution under federal law.

### Count V—Violations of the Americans with Disabilities Act
### (Title II—42 U.S.C. § 12132)

86.     Plaintiff incorporates Paragraphs 1 through 85 as if fully stated here.

87.     Defendants were public entities subject to the requirements of the Americans with Disabilities Act of 1990.

88.     Plaintiff's medical condition substantially limits his ability to respond during periods of emotional distress.

89.     Defendants Livingston County, Michigan, Livingston County Sheriff's Office, and Livingston County Sheriff's Deputy Bryan Uzoni failed to reasonably accommodate Plaintiff's disability and instead escalated the encounter by using force.

90.     Defendants Livingston County, Michigan, Livingston County Sheriff's Office, and Livingston County Sheriff's Deputy Bryan Uzoni discriminated against Plaintiff by reason of his disability.

### Count VI—Assault and Battery
### (Michigan State Law)

91.     Plaintiff incorporates Paragraphs 1 through 90 as if fully stated here.

92.     Deputy Uzoni intentionally and unlawfully used forced against Plaintiff.

93.     The force used was unreasonable and excessive.

94.     As a result, Plaintiff suffered severe physical injuries.

### DAMAGES

95.     Plaintiff incorporates Paragraphs 1 through 94 as if fully stated here.

96.     As a direct result of Defendants Livingston County, Michigan, Livingston County Sheriff's Office, and Livingston County Sheriff's Deputy Bryan Uzoni's conduct, Plaintiff suffered:

   a.  Severe knee injury
   b.  Pain and suffering
   c.  Emotional distress

11

    d.  Medical expenses
    e.  Loss of enjoyment of life
    f.  Loss of income and earning capacity

Plaintiff seeks $15,000,000.00 in damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Frazier respectfully requests that this Court:

    a.  Enter Judgment in favor of Plaintiff and against Defendants;

    b.  Award compensatory damages in an amount to be determined at trial;

    c.  Award punitive damages against the individual Defendants;

    d.  Grant declaratory and injunctive relief as appropriate;

    e.  Award costs, expenses, and reasonable attorney's fee under 42 U.S.C. § 1988; and

    f.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*s/ Mark E. Sisson*
Mark E. Sisson (P75250)
Trevor J. Zamborsky (P77244)
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
Telephone: (248) 829-3088
mssison@marksissonlaw.com
tzamborsky@marksissonlaw.com

Dated: March 8, 2026

## JURY DEMAND

Plaintiff Mark Frazier demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

Respectfully submitted,

*s/ Mark E. Sisson*

Mark E. Sisson (P75250)
Trevor J. Zamborsky (P77244)
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
Telephone: (248) 829-3088
mssison@marksissonlaw.com
tzamborsky@marksissonlaw.com

Dated: March 18, 2026